IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

R&G ENGINEERING, INC.,
et al.,

    Plaintiffs,

v.     CIVIL NO. 98-1760 (RLA)

GREAT AMERICAN INSURANCE CO.,
et al.,

    Defendants.

### MINUTES OF STATUS/SETTLEMENT CONFERENCE HELD ON SEPTEMBER 2, 1999 AND VACATING TRIAL DATE

At the STATUS/SETTLEMENT CONFERENCE held on September 2, 1999 from 2:40 p.m. until 3:30 p.m. plaintiffs were represented by JOSE E. COLON SANTANA, ESQ. and defendant by WILLIAM GRAFFAM, ESQ.

Plaintiffs claim they were never put on notice of any outstanding debt prior to defendant collecting the insurance proceeds. They allege that the statements of account did not reflect that monies were owed nor have any demands for payment ever been made. The pertinent bills of lading apparently have been destroyed due to the time elapsed.

Plaintiffs contend that their action is based on a civil contract involving insurance and is therefore, subject to 15-year statute of limitations as provided by the Puerto Rico Civil Code. Plaintiffs' position is that it is a claim based on insurance



AO 72
(Rev 8/82)

proceeds inappropriately retained by the defendant. In the alternative, plaintiffs argue that by having filed a counter-claim defendant waived the time bar defense.

According to defendant, plaintiffs were aware of the payment of the insurance proceeds since **July 1994** and failed to voice any objection until this case was filed in **June 1998.**

Defendant argues this action is one for tortious conversion subject to a one-year statute of limitations and cited <u>Barreto Peat v. Ayala Colon</u>, 896 F.2d 656 (1st Cir. 1990) in support thereof. Further, defendant indicated that the relationship between the parties fall under COGSA which also has a one-year limitations period. In the alternative, defendant argues that § 1910 of the Puerto Rico Commerce Code, which establishes a one-year limitation for actions arising from the delivery of cargo, would also render this action time-barred.

In sum, defendant contends that this is an action sounding in torts and the period of limitations accrued in **July 1994** when plaintiffs learned about the insurance payment.

The parties would like to conclude various depositions prior to submitting the limitations issue for resolution by way of summary judgment.

CIVIL NO. 98-1760 (RLA)                                              Page 3

Counsel for defendant advised that the deposition of ROBERTO CAMINO, plaintiffs' representative, had commenced but had to be continued due to the deponent's schedule.

The parties scheduled the conclusion of the deposition of ROBERTO CAMINO as well as the depositions of PETER MACK and PETER JORDI, plaintiffs' representatives, for **September 23-24, 1999.**

The following deadlines were set for submission of the statute of limitations issue in accordance with the procedure set forth in the undersigned's Standing Order:

**10/15/99**  Deadline for defendant to serve motion.

**11/5/99**   Deadline for plaintiffs to serve opposition.

**11/15/99**  Deadline for defendant to serve reply, if warranted.

Plaintiffs' motion for summary judgment will be held in abeyance until after resolution of the time-bar defense.

The TRIAL scheduled for **September 14, 1999** is hereby **CONTINUED SINE DIE.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 2 day of September, 1999.

RAYMOND L. ACOSTA
United States District Judge

AO 72
(Rev 8/82)